IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHRISTOPHER L. LACY, SR.

    **Plaintiff**

v.                      CIVIL ACTION NO.: CV-01-J-3136-S

BUFFALO ROCK COMPANY,
a corporation,

    **Defendant**

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment and evidentiary submissions (doc. 3), the plaintiff's response and evidentiary submissions (doc. 11) and defendant's reply brief. The court has reviewed the pleadings, motion, evidentiary submissions and briefs and based upon a consideration of all of the foregoing, the court is of the opinion that the defendant's motion is due to be **GRANTED**.

### I. Procedural History

Plaintiff commenced this action by filing a complaint (doc.1) alleging that defendant discriminated against him on the basis of age in violation of 29 U.S.C. §623(a)(1) and in retaliation for plaintiff having filed an earlier charge

with the Equal Employment Opportunity Commission ("EEOC"), namely charge 130-A1-0889. Plaintiff alleges that plaintiff and defendant settled the resolution of charge 130-A1-0889 in mediation in April 2001, which was formalized by the execution of a written document on May 21, 2001. Complaint at ¶¶11 and 12. Plaintiff alleges that defendant transferred plaintiff's largest account to another sales person in May of 2001 and as a result of the loss of that account, plaintiff was forced to withdraw from defendant's retirement program. *Id.*

## II. Factual Background

In the light most favorable to the plaintiff, the facts of this case are as follows: The plaintiff was hired by defendant in January of 1972. He has performed duties as a salesman since April of 1972. EEOC charge of January 23, 2001, Plaintiff's Exh.1. He is over the age of forty years. *Id.* In January of 2001, plaintiff filed a charge against defendant with the EEOC alleging age discrimination. *Id.* That charge was resolved and settled in mediation on April 12, 2001. Plaintiff's Exh. 2. By the terms of the mediation settlement agreement, plaintiff agreed to "execute a general release prepared by Respondent's attorney and approved by his attorney." *Id.*

During the time frame between the mediation settlement agreement and the execution of the general release by plaintiff, defendant transferred plaintiff's largest account to another salesman, thus forcing the plaintiff to reduce his participation in defendant's retirement program. Plaintiff's Brief at 4; EEOC Charge of July 12, 2001, Defendant's Exh. 4.

Pursuant to the meditation settlement agreement, plaintiff executed a General Release on May 21, 2001, after the defendant had transferred his largest account to another salesman. Plaintiff's Exh. 5, and Plaintiff's Brief at 4. In the General Release plaintiff released, acquitted and discharged the defendant "from any and all claims and causes of action whatsoever of any kind or nature, whether known or unknown, **arising or existing** at the time of this release, including but not limited to those arising out of or in any way connected with the employment of Lacy by Buffalo Rock, including but not limited to any and all claims for pay, damages, or any other relief which were, might or could have been asserted in EEOC Charge No. 130A10889, and which were, might or could have been asserted in any court ... under ... the Federal Age Discrimination in Employment Act ... to the full extent that such release is allowed by law (emphasis added)." Additionally, the terms of

the Release provide:

    (a) Lacy does not waive rights or claims that may arise under the ADEA **after he executes this release** (emphasis added),

    (b) Lacy is advised to consult with an attorney before executing this release,

    (c) Lacy has twenty-one (21) days to consider the waiver of rights and claims under the ADEA, and

    (d) Lacy may revoke his waiver of rights and claims under the ADEA during a period of seven (7) days following his execution of this release.

The General Release was mailed to plaintiff by defendant's attorney on April 19, 2001. Plaintiff's Exh. 4. Plaintiff executed the release May 21, 2001. When he executed it, he signed that he had read it, understood its terms and signed it voluntarily. Plaintiff's Exh. 5. At that time, plaintiff's account had already been moved to another salesman by defendant. Plaintiff's Brief at 4 and EEOC charge of July 12, 2001, Defendant's Exh. 4. During the seven (7) days following plaintiff's execution of the General Release he did not revoke his waiver of rights and claims under the ADEA.

On July 12, 2001 the plaintiff filed a new charge with the EEOC in which he stated:

> I filed EEOC Charge 130-A1-0889 on January 23, 2001. This charge was settled in April 2001. After this settlement was reached my supervisor, Sonny Seales, would not speak to me unless he was forced to. In May 2001, Mr. Seales transferred my largest account to another sales person and told me the accounts would not be adjusted to make up my loss as had been done in the past. This loss of income has forced me to withdraw from the company retirement program.
>
> I believe this action was taken in retaliation for my filing the previous EEOC charge in violation of the statutes cited in that charge, Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

Plaintiff did not withdraw from the company retirement program, but reduced his contributions to 2% of his salary on June 21, 2001. Defendant's Exh. 3. The plaintiff is still employed with the defendant. Complaint at ¶17.

### III. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir.1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

### IV. Discussion

The parties agree that Alabama law is controlling on the issue of the effect of the general release. Plaintiff's Brief at 5, Defendant's Brief at 5. Alabama Code §12-21-109 provides:

> All ... releases ... in writing ... must have the effect according to their terms and the intentions of the parties thereto.

In the absence of fraud, a release supported by a valuable consideration,

unambiguous in meaning, will be given effect according to the intention of the parties to be judged by the court from what appears within the four corner of the instrument itself, and parol evidence is not admissible to impeach and vary its terms. *Jehle-Slauson Construction Co. v. Hood-Rich, Architects and Consulting Engineers,* 435 So.2d 716, 719-20 (Ala. 1983).

The language in the General Release is clearly unambiguous. *See, New York Life Ins. Co. v. Robinson,* 735 So.2d 463 (Ala. 1999) (release by which any and all causes of actions, claims, damages, equitable, legal and administrative relief, interest, demands or rights, whether based on federal, state or local statute or ordinance, regulation, contract, common law, or any other source, that have been, could have been, may be or could be alleged or asserted now or in the future were released was held unambiguous). *See also, Brown v. Continental Casualty Ins. Co.,* 604 So.2d 351, 352 ( Ala. 1992); *Boggan v. Waste Away Group, Inc.*, 585 So.2d 1357, 1360 (Ala. 1991).

The General Release in issue is similar. The release by its very terms encompasses more than plaintiff's claims stemming from the EEOC Charge No. 130-A1-0889 ("including but not limited to..."). At the time plaintiff signed the release, he knew that his largest account had been transferred to

another sales person, knew that his route would not be altered to make up for the lost account and knew that he would lose substantial income, including the inability to continue with the retirement program to the same extent he had. Thus the claims plaintiff asserts in his complaint and in his EEOC charge of July 12, 2001 all "existed" at the time he signed the release. Plaintiff has not presented any evidence that he revoked his waiver of rights and claims under the ADEA during the seven (7) day period following May 21, 2001, which he had a right to do under the release.

The court finding that plaintiff's claims are barred by the release executed by him on May 21, 2001, finds that no genuine issues of material fact exist and defendant's motion for summary judgment is due to be **GRANTED**.

It is therefore **ORDERED** by the court that said motion is **GRANTED** and judgment shall be entered in favor of the defendant and against the plaintiff by separate order.

**DONE** and **ORDERED** this the 25 day of February, 2002.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE